**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
ltfisher@bursor.com
Neal J. Deckant (State Bar No. 322946)
ndeckant@bursor.com
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

*Attorneys for Applicant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRICKEY JACKSON,<br><br>                Applicant,<br><br>  v.<br><br>For an order compelling META PLATFORMS, INC. to produce documents pursuant to a subpoena *duces tecum*,<br><br>                Respondent. | CASE NO. _____<br><br>**APPLICANT'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM META PLATFORMS, INC. PURSUANT TO A SUBPOENA *DUCES TECUM***<br><br>Date:<br>Time: To Be Set<br>Courtroom: To Be Determined |

**Related Case:**
*Jackson v. Amazon, Inc.*, No. 3:20-cv-02365-WQH-BGS (S.D. Cal.) (Hayes, J.)

APPLICANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM META

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** as soon thereafter as the matter may be heard, Applicant Drickey Jackson will and hereby does move, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), for the Court to compel production by Respondent, or alternatively to transfer this motion to the Southern District of California for further consideration.

This motion to compel is made on the grounds that, subsequent to the Applicant's service of a lawful subpoena *duces tecum* on Respondent on August 23, 2023, Respondent objected to all requests for production. Respondent issued a "boilerplate" response email objecting to all requests, without identifying a specific request or providing its reasoning. Each of Respondent's objections are without merit. For these reasons, the Court should issue an order pursuant to Rule 45(d)(2)(B)(i) compelling Respondent to produce the requested discovery, or alternatively transfer this motion to the Southern District of California for further consideration.

This motion is based on this Notice Of Motion And Motion, the accompanying Memorandum Of Points And Authorities, the Declaration Of Neal J. Deckant, the pleadings and papers on file herein, and any other written and oral arguments that may be presented to the Court.

**CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED**

Whether the Court should compel production pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) or transfer this motion to the Southern District of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: September 11, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Neal J. Deckant*
          Neal J. Deckant

L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
            ndeckant@bursor.com

*Attorneys for Applicant*

**TABLE OF CONTENTS**

**PAGE(S)**

I.  INTRODUCTION ..................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ..........................................................3

    A.    The Amazon Flex Action ..........................................................................................3

    B.    Issuance Of The Applicant's Subpoena ...................................................................4

III. LEGAL STANDARD .........................................................................................................6

IV. META SHOULD BE COMPELLED TO PRODUCE THE SUBPOENAED DATA .........................................................................................................................................7

    A.    The Vast Majority Of Applicant's Requests Do Not Request User Data At All ................................................................................................................7

    B.    Request No. 1, The Only Request Seeking User Data, Seeks The Applicant's Own Data ............................................................................................8

    C.    To The Extent That Any Other Request Seeks User Data (And They Do Not), There Is A Protective Order That Alleviates All Of Meta's Concerns ..................................................................................................................8

V. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Ford Global Technologies, LLC v. New World Int'l, Inc.*,
  2015 WL 6507151 (W.D. Wash. Oct. 27, 2015) .................................................................. 9, 10

**STATUTES**

18 U.S.C. § 2701 ........................................................................................................................... 5

Cal. Penal Code § 631 ................................................................................................................... 4

Cal. Penal Code § 635 ................................................................................................................... 4

**RULES**

Fed. R. Civ. P. 45(d)(2)(B)(i) ............................................................................................... i, 1, 3

Fed. R. Civ. P. 45(f) ..................................................................................................................... 1

Applicant Drickey Jackson ("Applicant") respectfully moves this Court pursuant to Rule 45(d)(2)(B)(i) for an order compelling Meta Platforms, Inc. ("Meta" or "Respondent") to comply with specific and limited requests for information that is the subject of a subpoena *duces tecum*, to which Meta has objected in full.  The Court may also decide to promptly transfer this motion to the Southern District of California pursuant to Rule 45(f), as the nature of this motion is intertwined with a matter pending in that District.

I.     **INTRODUCTION**

Applicant is the named Plaintiff in a Rule 23 class action captioned *Jackson v. Amazon.com, Inc.*, No. 3:20-cv-023650WQH-BGS (S.D. Cal.) (Hayes, J.) ("*Amazon Flex*" action). The *Amazon Flex* matter was brought against Defendant Amazon.com, Inc. ("Amazon" or "Defendant") for allegedly wiretapping the electronic communications of Amazon Flex Drivers' ("Flex Drivers") closed Facebook groups.  That is, Plaintiff alleged that Amazon secretly observed and monitored Flex Drivers' electronic communications and confidential postings in their closed Facebook groups, through the use of monitoring tools, automated software, and dedicated employees with backgrounds in signals intelligence and communications intelligence.  *See* Declaration of Neal J. Deckant ("Deckant Decl."), Ex. A (the *Amazon Flex* complaint).

This action is currently being litigated, and the parties are presently engaging in discovery. Because the Defendant's violations occurred in closed Facebook groups, Meta possesses important information and data regarding the Plaintiff, Defendant, and potential class members that is necessary for discovery.  Applicant issued a subpoena *duces tecum* on Meta, seeking the number of members of the closed Facebook groups, the number of posts in the closed Facebook groups, the settings of the closed Facebook groups, the method by which Amazon gained access to the closed Facebook groups, and any information captured by Amazon from the closed Facebook groups. Applicant estimates that Amazon monitored approximately forty-three closed Facebook groups. Deckant Decl. ¶ 2.

Critically, *Applicant is not seeking personally-identifiable names or user data*, but rather simply "metadata" such the number of members posting in specific groups, information on how

those groups are protected, etc. *See* Deckant Decl., Ex. B (Meta Subpoena). Nonetheless, Meta objected to these requests in full, with a "boilerplate" response e-mail stating that the requests were improper as they sought "user data" (which they do not). *See* Deckant Decl., Ex. D (Meta's Response). Meta's response was in the form of an e-mail that did not have the name or contact information of any individual who could be contacted for further information – it was simply a generalized objection email signed "Meta Platforms, Inc." with no name, address, or phone number. *Id.* Nor does the response identify any request with particularity or explain Meta's reasoning. *Id.*

Meta also argues that it cannot respond to the requests, as they are "overbroad, unduly burdensome, vague, or not reasonable calculated to lead to the production of admissible evidence." But Meta failed to point to which requests would violate its policies, were overbroad, unduly burdensome, or would not lead to the production of admissible evidence. In fact, Meta's response fails to identify any request at all or explain why they are purportedly "overbroad." *See id.*

Each objection is without merit. First, Meta's reliance on its privacy policy is unfounded. Meta's privacy policy permits it to provide consumer data to several third parties. *See* Deckant Decl., Ex. E (Meta Privacy Policy). While Meta claims its privacy policy provides that it will never "sell" consumer data, this is plainly not a commercial purpose. This is a request pursuant to lawful process and thus is necessary "when the law requires it," an exemption set forth in its own privacy policy. Meta's privacy policy permits "shar[ing] information with other third parties in response to legal requests, to comply with applicable law or to prevent harm." This is such a circumstance. Meta's privacy policy also permits the disclosure of consumer data to third party external researchers to "promote safety, security and integrity." An internal privacy policy does not trump one's obligations to comply with a lawful subpoena. Indeed, the purpose is requiring production of these data is so the parties may continue to effectively engage in discovery in ongoing litigation, which relates to protecting the privacy rights of Facebook users. Ironically, Meta is objecting on the basis of user privacy – in a case seeking to *protect* the privacy rights of Amazon Flex drivers when they post in private Facebook groups. It is puzzling why Meta is fighting tooth and nail on this issue.

Second, Meta's arguments that Applicant's request is overbroad, vague, unduly burdensome, and irrelevant have already been resolved. Applicant's counsel described the requested information clearly in the subpoena. The subpoena asked only for the information necessary to further substantiate the Applicant's claims against Amazon. It is not unduly burdensome for Meta to produce the requested data. In fact, it would likely be less expensive and easier for Meta to do so rather than oppose this Motion. Of note, given the "boilerplate" nature of Meta's response, it is wholly unclear how the requests are purportedly "overbroad."

Third, Meta's suggestion that producing this data would violate the privacy rights of its users was already addressed in the subpoena. The vast majority of Applicant's requests do not request user data at all. While Request No. 1 does request user data – the only request to do so – the request is for the Applicant's own personal data. To the extent that any other request seeks user data (and they do not), the subpoena states that the requests "can be resolved with a declaration stating that such information exits and is within the possession of Meta," rather than actually requiring Meta to produce such data.

Fourth, there is a Protective Order in place in the *Amazon Flex* matter that would resolve any such concerns. *See* Deckant Decl., Ex. F (Protective Order). A copy of the Protective Order was attached to Applicant's subpoena, but Meta's response fails to address it or explain why it would be inadequate to protect its users' privacy.

For these reasons, the Court should issue an order pursuant to Rule 45(d)(2)(B)(i) compelling Meta to produce the requested discovery, or alternatively transfer this motion to the Southern District of California for further consideration.

II.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  **The Amazon Flex Action**

The Amazon Flex Action is a class action suit brought against Defendant Amazon.com, Inc. ("Amazon" or "Defendant") for wiretapping the electronic communications of Amazon Flex Drivers' ("Flex Drivers") closed Facebook groups. The wiretaps are used by Defendant to secretly observe and monitor Flex Drivers' electronic communications and confidential postings in their

1  closed Facebook groups, through the use of monitoring tools, automated software, and dedicated
2  employees with backgrounds in signals intelligence and communications intelligence.  As such,
3  Amazon has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631 and
4  635, has intruded upon the seclusion of Plaintiff, and violated class members' privacy rights under
5  the California Constitution.  *See* Deckant Decl., Ex. A.

6  Plaintiff Jackson filed a Class Action Complaint against Amazon on December 4, 2020 and
7  a First Amendment Complaint on February 19, 2021.  On March 16, 2021, Amazon filed a Motion
8  to Compel Arbitration, Dismiss, or, in the Alternative, to Stay.  On April 12, 2021, Plaintiff filed an
9  Opposition to the Motion to Compel Arbitration.  On April 26, 2021, Amazon filed a Reply.  On
10 September 15, 2021, the Court denied Amazon's motion in its entirety.  Amazon appealed the
11 District Court's order, but the Ninth Circuit affirmed the order on April 19, 2023.  The parties have
12 since been engaged in discovery.

### B.   Issuance Of The Applicant's Subpoena

Because the closed groups that Amazon infiltrated were on the Facebook platform, Plaintiff Jackson issued a subpoena *duces tecum* to Meta.  This subpoena was served on Meta on August 23, 2023.  *See* Deckant Decl., Ex. B; *see also* Deckant Decl., Ex. C (Proof of Service).  The subpoena sought information that would permit the Plaintiff to further substantiate his claims that Amazon employees infiltrated closed Facebook groups for surveillance purposes.  Among other requests, the subpoena requested that Meta identify the closed Facebook Groups that Amazon infiltrated, the method by which Amazon gained access to the groups, statistics on the settings of the groups, the number of users in the groups, the number of posts in the groups, as well as individually identify the members of the groups or provide a declaration that such information is in the possession of Meta.  *See* Deckant Decl., Ex. B.

Meta responded with its objection on August 28, 2023 with a "boilerplate" objection to the subpoena, via e-mail.  Meta's e-mail is as follows:

> Hello,
>
> Meta Platforms, Inc. ("Meta") received a subpoena from you issued on behalf of a private, non-governmental party

on August 23, 2023 (Case name or Case# 20-cv-02365-WQH-BGS) seeking information associated with a purported Facebook account.  Meta objects to your subpoena for the reasons below.  Please review this information, as well as information available in Facebook's Help Center, located at http://www.facebook.com/help/.  Meta reserves all objections and rights.

Requests for User Content and Information

Meta addresses all requests related to user accounts in accordance with the federal Stored Communications Act, 18 U.S.C. §§ 2701, et seq.  Please note that service providers are not the proper recipients of requests for the contents of users' electronic communications.

Requests for the Content of a User Account Must be Directed to the User

If you are seeking the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, you must direct your request to the user or other non-provider entities.  Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents.  Various tools are available to help users access and download their information. Descriptions of these tools are available in our Help Center.

Meta does not produce user content in response to consent forms. Users can directly respond to party or non-party discovery requests without Meta's involvement. Information about deactivated and deleted accounts, and deleted information, is available in our Help Center and our Data Use Policy.

Requests for Account Details and Non-Content Information

If you are seeking non-content basic subscriber information associated with a user account, your subpoena is not otherwise objectionable, and your subpoena uniquely identifies an account by URL or email address, Meta may produce reasonably available basic subscriber information, if any, after providing 21-days notice to the user of an affected account.  If you wish to proceed with this limited scope of discovery, please contact us.

Additional Considerations and Objections

> Meta cannot respond to subpoenas containing requests that are overly broad, unduly burdensome, vague, or not reasonably calculated to lead to the discovery of admissible evidence. Please ensure that you have identified a unique user account by URL or email address and that your request is appropriately date and field limited.
>
> Meta objects to all requests that seek protected or privileged information, including information protected by the attorney-client or other applicable privilege, or confidential, proprietary, or trade secret information.
>
> Meta is not in a position to authenticate or verify account content. Such requests should be directed to the creator or recipient of the content. Meta also is not in a position to provide witnesses for trial or deposition. The appearance of a records custodian is unnecessary because any non-content records produced are self-authenticating.
>
> Finally, Meta does not preserve information in response to third party subpoenas or private party or non-governmental requests. Such requests should be directed to the user.
>
> Please correct all deficiencies in your subpoena before reserving.
>
> Sincerely,
> Meta Platforms, Inc.

Deckant Decl., Ex. D.

## III.     LEGAL STANDARD

Rule 45(d)(2)(B)(i) provides that the serving party may move for an ordering compelling production "[a]t any time" after an objection is served, in "the court for the district where compliance is required" (subject to Rule 45(f)):

> (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving

> party may move the court for the district where compliance is
> required for an order compelling production or inspection.

Rule 45(e)(2)(A)(i-ii) also provides that claims of privilege or protection must be made expressly and in a manner that enables the parties to assess the claim:

> (2) *Claiming Privilege or Protection.*
>
> (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> > (i) expressly make the claim; and
> >
> > (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

### IV. META SHOULD BE COMPELLED TO PRODUCE THE SUBPOENAED DATA

#### A. The Vast Majority Of Applicant's Requests Do Not Request User Data At All

The vast majority of the requests by Plaintiff Jackson seek information on Facebook group settings, posts, and the method by which Amazon gained access to the groups – they do not request any user data. Therefore, Meta's objection to these requests is unfounded.

Request No. 3 seeks information concerning the settings of the identified closed Facebook groups. Requests Nos. 4-11 seek information regarding the number of members, nationwide and in California, who were enrolled or posted in the closed Facebook groups. Requests Nos. 12-14 seek information regarding Amazon's access to the closed Facebook groups, including accounts that Amazon used and information Amazon collected from the groups. None of these requests seek user data or information.

The remaining bases for Meta's objections are similarly meritless. Contrary to Meta's generic objection, Applicant's requests are *not* "overly broad, vague, unduly burdensome, or not reasonably calculated to lead to the production of admissible evidence." Deckant Decl., Ex. D. Each of the requests seek information that is relevant to the specific claims against Amazon and do not request anything more than what is necessary to substantiate those claims. Information on the closed Facebook groups, including their settings, members, posts, and infiltration by Amazon are

important to proving the claims against Amazon. Further, Meta provides no explanation as to why responding to these requests would be unduly burdensome.

**B.     Request No. 1, The Only Request Seeking User Data, Seeks The Applicant's Own Data**

While Request No. 1 does request user data, the Applicant is requesting his own personal data. Meta's objection to providing user information or data is thus inapplicable to the present situation. Meta's suggestion that the information be provided by the user is nonsensical when the user himself is seeking to access his information.

**C.     To The Extent That Any Other Request Seeks User Data (And They Do Not), There Is A Protective Order That Alleviates All Of Meta's Concerns**

Requests Nos. 15-16, which seek information on the members of the closed Facebook groups, include an option for a protective order or declaration to appease any objection based on protecting users' information. Requests Nos. 15-16 both state that "If META objects to this production on the basis of protecting its users' privacy, this request can be resolved with a declaration stating that such information exists and is within the possession of META." Therefore, Meta has no basis for objecting to Requests Nos. 15-16.

Further, Meta's privacy concerns are without merit. The language in Meta's privacy policy does not obviate the need to comply with a lawful subpoena. Although Meta's privacy policy indicates that it does not sell user information to third parties, it provides numerous examples of third parties to whom it provides user information, including when required by law. Specifically, Meta's privacy policy states:

> **How do we respond to legal requests, comply with applicable law and prevent harm?**
>
> We access, preserve, use and share your information:
>
> - In response to legal requests, like search warrants, court orders, production orders or subpoenas. These requests come from third parties such as civil litigants, law enforcement and other government authorities. Learn more about when we respond to legal requests.
>
> - In accordance with applicable law.

- To promote the safety, security and integrity of, users, employees, property and the public.

Deckant Decl., Ex. E; *see also id.* (if a user clicks "Learn more," Meta notes it "respond[s] to legal requests where we're required by law to do so, and at times where we're not compelled by law"). Notably, other provisions of that same Privacy Policy permit Meta to share user information with third-parties not required by law, including advertisers and audience network publishers, partners who use Meta's analytics services, partners who offer goods or services on Meta's products and commerce services platforms, integrated partners, measurement vendors, marketing vendors, service providers, and external researchers. *See* Deckant Decl., Ex. E. In addition, Meta can also send a notice to users that it would be providing data to any third party and give them an opportunity to not share such information. *Id.* Thus, Meta does not appear to really be genuinely concerned with its users' privacy except when it is not being paid for such data. Regardless, the privacy policy is not nearly as expansive as Meta contends.

Further, a plain reading of Meta's privacy policy shows how its position is without merit. First, Applicant intends to use the information as evidence in ongoing litigation and to satisfy Amazon Flex drivers' privacy rights – making Meta's objection on the basis of user privacy puzzling and rather ironic. Second, the privacy policy indicates that Meta will produce its users' data to "protect people from harm and provide safe, secure Products." Here, Applicant wants to protect the rights of the potential class by obtaining the best evidence to prove his claims. Third, the privacy policy states that Meta will "share information with other third parties in response to legal requests, to comply with applicable law or to prevent harm." Here, Meta does not dispute that it was served with a lawful subpoena. Accordingly, it must produce such data in order to comply with its legal obligations.

In addition, a protective order would adequately protect the confidentiality of such information. Meta has not explained how a protective order would be insufficient to protect any alleged privacy concerns of its users. *See Ford Global Technologies, LLC v. New World Int'l, Inc.*, 2015 WL 6507151, at *3 (W.D. Wash. Oct. 27, 2015) (denying a motion to quash a subpoena served on Amazon, and rejecting the argument that the parties "have a personal interest and legitimate privacy interest in the materials sought" because they "fail[ed] to demonstrate how or

why the protective order entered in the Patent Case will not adequately address Defendants' privacy interests"). It is not Meta's right to determine what its users should learn about the privacy violations of Amazon on its platforms.

There is nothing in Rule 45 (or any other rule or legal doctrine) to support any argument that an internal privacy policy trumps the obligation to comply with a subpoena. As set forth in *Ford Global*, a party cannot refuse compliance with a subpoena when protections are in place to protect the alleged confidentiality of any requested information. *Id.* Nor has Meta provided any explanation as to why the Protective Order in the Amazon Flex matter would be inadequate to protect its users' privacy interests. Meta has yet to explain why this law does not apply to it, or why it should not be compelled to provide its users' information and other information unrelated to user data at the Court's direction. Providing non-anonymized data to the Applicant is consistent with the above authorities.

## V.  CONCLUSION

For the foregoing reasons, the Court should issue an order compelling Meta to produce the information requested in the subpoena, or alternatively transfer this Motion to the Southern District of California under Rule 45(f).

Dated: September 11, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ Neal J. Deckant

Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Tel: (925) 300-4455
Fax: (925) 407-2700
E-mail: ndeckant@bursor.com

*Attorneys for Applicant*